UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WOODROW FLEMMING,

                              Plaintiff,

            v.

DR. WURZBERGER, et al.,

                            Defendants.
_____

DECISION AND ORDER

05-CV-6252L

**INTRODUCTION**

Plaintiff, Woodrow Flemming, commenced this action *pro se* under 42 U.S.C. § 1983 against various officials and employees of the New York State Department of Correctional Services ("DOCS"), alleging that defendants violated plaintiff's rights under the Eighth and Fourteenth Amendments by depriving him of medical and psychiatric treatment and by employing a policy of negligent hiring and training of the medical staff at Upstate Correctional Facility (Docket #4).

On October 3, 2005, defendant Glenn Goord, the Commissioner of DOCS, filed a motion pursuant to FED. R. CIV. P. 12(b)(6) to dismiss plaintiff's claims against him on the ground that the complaint fails to allege Goord's personal involvement in the alleged constitutional violations (Docket #9). In response to the motion, plaintiff filed an affidavit setting forth additional factual allegations, together with supporting exhibits (Docket #15). Because plaintiff had submitted materials outside the pleadings, on February 6, 2006, the Court converted defendant's motion to a motion for summary judgment under FED. R. CIV. P. 56 (Docket #20). In accordance with the Court's order, the parties have submitted additional materials concerning the motion (Docket #21,

22). For the reasons set forth below, defendant's motion for summary judgment is granted and plaintiff's complaint is dismissed with prejudice.

**DISCUSSION**

Plaintiff alleges that his constitutional rights were violated as a result of his April 5, 2005[1] transfer from Walsh Regional Medical Unit ("RMU"), where plaintiff was being treated for mental illness, to Upstate Correctional Facility, a maximum security prison with no psychiatrist on staff (Docket #4, 15). Plaintiff claims that defendant Goord knew of and was deliberately indifferent toward plaintiff's medical and psychiatric needs when he authorized plaintiff's transfer (Docket #15, 21). Plaintiff further alleges that Goord created a policy of negligent hiring and training of medical staff, resulting in the staff's improper decision to terminate his psychiatric medication (Docket #4, 15).

A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must show that the supervisor was personally involved in the alleged constitutional deprivation. *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001). "[M]ere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (quoting *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1995)); *see also Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain

---

[1] Plaintiff sometimes states that his transfer occurred on April 4, 2005 (Docket #15), but the exact date of transfer is irrelevant to his claim.

[plaintiff's] claim."). Rather, personal involvement may be shown by evidence that (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to others' rights failing to act on information indicating that unconstitutional acts were occurring. *Colon*, 58 F.3d at 873; *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

Viewing the record in the light most favorable to plaintiff, I find as a matter of law that Goord was not personally involved in the alleged constitutional deprivations. In support of his claim, plaintiff states that he wrote two letters to Goord informing Goord of his pending transfer (Docket #15, 21). Plaintiff further argues that Goord was personally involved because "[t]here is no way you can be move [*sic*] with out [*sic*] the Commissioner of NYS Doc Glenn Goord[] knowing that you are being move [*sic*]" and that "[t]here is no way that I could have been move from RMU Walsh Medical while on my medical machine and on Psy [*sic*] medications[;] this would have been override [*sic*] by a [t]op [r]ank officer Glenn Goord, Commissioner of NYC Doc knew of the move" (Docket #21, ¶9).

Although plaintiff has not provided the Court with copies of the two letters he sent to Goord, he has submitted two response letters from Goord's office (Docket #15). Those response letters indicate that Goord referred plaintiff's letters to Lester Wright, Deputy Commissioner and Chief Medical Officer of DOCS, who investigated and responded to plaintiff's complaints (Docket #15).

The first response letter, dated February 18, 2005, indicates that plaintiff wrote to Goord concerning his possible discharge from Walsh RMU (Docket #15, ¶15). Dr. Wright responded that the Division of Health Services had investigated plaintiff's complaint and discovered that it was "unfounded" because plaintiff was "not being transferred at [that] time from the RMU" (Docket #15, ¶15). The second response letter, dated April 15, 2005, indicates that plaintiff wrote to Goord regarding his "concerns with the health staff at Upstate Correctional Facility" (Docket #15, ¶22). The response letter states that the Division of Health Services also investigated this second complaint and found that plaintiff's "medical needs [were] being met" (Docket #15, ¶22).

These response letters do not demonstrate sufficient personal involvement to support a § 1983 claim against defendant Goord. "Where a supervisor's involvement in a prisoner's complaint is limited to forwarding of correspondence to appropriate staff, the supervisor has insufficient personal involvement to sustain a § 1983 cause of action." *Liner v. Goord*, 310 F. Supp. 2d 550, 555 (W.D.N.Y. 2004). *See, e.g., Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (summary judgment affirmed where commissioner referred plaintiff's letter to the prison superintendent); *Garvin v. Goord*, 212 F. Supp. 2d 123, 126 (W.D.N.Y. 2002) (granting summary judgment to DOCS Commissioner based on lack of personal involvement); *Farid v. Goord*, 200 F. Supp. 2d 220 (W.D.N.Y. 2002) (dismissing action against DOCS Commissioner and Attica Superintendent for lack of personal involvement where plaintiff merely sent petition to them and each referred the petition down the chain of command for investigation). Even "the fact that an official ignored a letter alleging unconstitutional conduct is not enough to establish personal involvement." *Thomas v. Coombe*, No. 95 Civ. 10342, 1998 WL 391143, *6 (S.D.N.Y. July 13, 1998) (citing *Gayle v.*

*Lucas*, No. 97 Civ. 0883, 1998 WL 148416 (S.D.N.Y. Mar. 30, 1998)); *see also Higgins v. Coombe*, No. 95 Civ. 8696, 1997 WL 328623 (S.D.N.Y. June 16, 1997).

Here, there is no evidence demonstrating Goord's personal involvement in the alleged constitutional violations. The evidence shows only that Goord referred plaintiff's letters to a member of Goord's staff. As the cases cited above make clear, that is not enough.

Plaintiff's remaining allegations that Goord created a policy of negligent hiring, training, and supervision of the medical personnel (Docket #4) are conclusory and unsupported by the evidence. Plaintiff has failed to show the existence of a genuine issue of material fact under this claim and, therefore, defendant is granted summary judgment on this claim as well.

## CONCLUSION

Defendant's motion for summary judgment (Docket #9 is granted, and plaintiff's complaint is dismissed. Plaintiff's motion for appointment of counsel (Docket #17) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 10, 2006.