UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WOODROW FLEMMING,

                                        Plaintiff,

                                                                           DECISION AND ORDER

                                                                           05-CV-6252L

                                        v.

BEZALEL WURZBERGER,
TIMOTHY KEMP,
LOUISE TICHENOR,

                                        Defendants.
_____

      Plaintiff Woodrow Flemming, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that defendants Bezalel Wurzberger, M.D., Timothy Kemp, and Louise Tichenor, who were at all relevant times employed by the New York State Office of Mental Health ("OHM"), violated his constitutional rights in certain respects while plaintiff was confined at Upstate Correctional Facility ("Upstate") in Malone, New York.

      Defendants have moved to dismiss the complaint on the ground of improper venue, or in the alternative to transfer this case to the Northern District of New York ("Northern District"), where Upstate is located. For the reasons that follow, defendants' motion is granted, and the Court orders that this action be transferred to the Northern District.

Section 1391(b) of Title 28 provides that

[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

"For the purposes of venue, state officers 'reside' in the district where they perform their official duties." *Holmes v. Grant*, No. 03 Civ. 3426, 2006 WL 851753, at *21 (S.D.N.Y. Mar. 31, 2006); *accord Vincent v. Yelich*, No. 08-CV-6074, 2009 WL 112956, at *1 (W.D.N.Y. Jan. 15, 2009).

In the case at bar, the second amended complaint alleges that defendants Kemp and Tichenor reside, like plaintiff, in Malone, which is in the Northern District. *See Melendez v. Wilson*, No. 04 Civ. 0073, 2006 WL 2621083, at *10 (S.D.N.Y. Sept. 12, 2006). Dr. Wurzberger is alleged to reside in Albany, New York, which is also in the Northern District. *See Kinlaw v. Pataki*, No. 07-CV-574, 2007 WL 4166029, at *1 (W.D.N.Y. Nov. 16, 2007). As stated, the relevant events are also alleged to have occurred at Upstate.

It is clear, then, that venue in this district is improper. "If a case is improperly venued, the district court may either dismiss the case or, in the interest of justice, transfer it to a district in which venue is proper." *Holmes*, 2006 WL 851753, at *21 (citing 28 U.S.C. § 1406(a)). Here, I find that transfer to the Northern District would best serve the interests of justice. *See id.* (stating that even if venue were proper in the Southern District, "it it would be in the interests of justice to transfer this case" to the Northern District, since "plaintiff could have brought his claims in the Northern District, the majority of the events arose there, and the majority of defendants reside there").

## CONCLUSION

Defendants' motion to dismiss this case for improper venue, or in the alternative to transfer venue (Dkt. #50) is granted, and this action is transferred to the United States District Court for the Northern District of New York.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 16, 2009.