UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WOODROW FLEMMING,

                        Plaintiff,

    v.
                                            9:09-CV-1242

BEZALEL WURZBERGER; TIMOTHY          (DNH)(ATB)
KEMP; and LOUISE TICHENOR,

                        Defendants.
_____

APPEARANCES:                          OF COUNSEL:

WOODROW FLEMMING
03-A-5259
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953
Plaintiff, *Pro se*

HON. ANDREW M. CUOMO            MICHAEL G. McCARTIN, Esq.
New York State Attorney General      Assistant Attorney General
The Capitol
Albany, NY  12224
Attorney for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

**I.**    **Background**

      Plaintiff Woodrow Flemming, appearing *pro se*, commenced this action in 2005

in the Western District of New York pursuant to 42 U.S.C. § 1983.  Dkt. No. 1.

Plaintiff's first amended complaint, which was addressed by the Western District,

alleged that defendants were deliberately indifferent to plaintiff's serious medical needs. Dkt. No. 4.  Defendants moved for summary judgment in the Western District. Dkt. No. 30.  Plaintiff cross-moved for summary judgment.  Dkt. No. 37.  In reviewing plaintiff's cross-motion, the Western District noted that plaintiff was attempting to raise new claims by way of his cross-motion, including claims of retaliation, equal protection, and violation of his due process rights.  Dkt. No. 38 at 7.  The Western District dismissed the first amended complaint in its entirety, finding that the amended complaint failed to state a medical care claim against any of the defendants; dismissed the purported new claims raised in plaintiff's cross-motion for summary judgment;[1] and entered judgment in favor of the defendants.  Dkt. Nos. 38, 39.

Plaintiff appealed the dismissal of the action to the Second Circuit Court of Appeals.  Dkt. No. 40.  The Second Circuit appointed plaintiff counsel on appeal.  By Order filed April 16, 2009, the Second Circuit vacated that portion of the judgment entered by the Western District of New York which dismissed plaintiff's due process and retaliation claims against defendants Wurzberger, Kemp, and Tichenor and remanded the action to the Western District with instructions to "enter judgment

---

[1] The Western District dismissed the new claims because (1) a memorandum of law or other motion papers are not the proper vehicle to raise new claims not asserted in the complaint and (2) plaintiff had presented no evidence to support the new claims, which had no apparent connection to the facts underlying the action.  Dkt. No. 38 at 7.

2

dismissing [the due process and retaliation] claims without prejudice to the filing of an amended complaint asserting the due process and retaliation claims against these Defendants." Dkt. No. 43.

After the action was remanded to the Western District, plaintiff filed a second amended complaint. Dkt. No. 46. Defendants filed a motion to dismiss the second amended complaint for improper venue, or in the alternative, asked to transfer venue of the action to the Northern District of New York. Dkt. No. 50. The Western District granted defendants' request to transfer venue and transferred the action to this District for further proceedings. Dkt. No. 55. While the defendants' motion to transfer was pending, plaintiff filed a "Motion for Summary Judgment" and a "Supplemental Motion and Cross Motion for Summary Judgment." Dkt. Nos. 52, 53. Defendants have responded in opposition to the motions. Dkt. No. 60.

Reading plaintiff's second amended complaint liberally, plaintiff alleges that defendants Wurzberger, Kemp, and Tichenor violated plaintiff's constitutional rights when they retaliated against him for filing complaints; conspired to deny plaintiff due process and to have him transferred from a medical facility to a special housing unit; subjected plaintiff to cruel and unusual punishment; and denied him proper medical care, in deliberate indifference to his serious medical needs. Dkt. No. 46.

3

Currently before the Court are plaintiff's motions for appointment of counsel and his motions[2] for summary judgment. Dkt. Nos. 52, 53, 80. Although not entirely clear, it also appears that plaintiff is seeking the Court's assistance in resolving certain discovery issues. *See* Dkt. No. 80 at 1-3 and 6-12.

## II. Appointment of counsel

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. If so, the court should then consider:

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

---

[2] The court notes that Docket Number 52 appears to be only the notice of motion and a "declaration" by plaintiff. Docket Number 53 contains another document labeled "Notice of Cross Motion and for Other Relief." Thus, plaintiff has only filed one motion for summary judgment, but the "Cross-Motion" he refers to is his opposition to the defendants' motion to transfer his case to the Northern District of New York. Dkt. No. 53 at 7 (ECF page numbers). Dkt. No. 53 also contains a substantial number of exhibits attached. Dkt. No. 53-1 and 53-2.

4

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

While the Court is cognizant of the fact that the Second Circuit suggested that it "might be desirable" for the District Court to appoint plaintiff counsel, the Circuit nevertheless left the decision of whether to appoint counsel to the District Court. Dkt. No. 43 at 4. At this juncture the Court finds that appointment of counsel is unwarranted for several reasons. First, the second amended complaint is not the pleading that was before the Second Circuit on appeal but is a new pleading incorporating plaintiff's additional claims that defendants denied him due process and retaliated against him.[3] Second, in reviewing the second amended complaint, the Court finds that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel at this time.

In fact, it appears to the Court that plaintiff has the threshold ability to articulate his claims and to argue his positions, and his submissions in this matter demonstrate

---

[3] The Second Circuit had remanded this action to the Western District with directions that the Western District permit plaintiff to submit an amended complaint to include these very claims.

that he has been able to communicate effectively with the Court. For example, plaintiff was able to submit his second amended complaint as instructed by the Second Circuit. He also appears to be participating in the discovery phase of this action, as evidenced by the present submission, which also raises several discovery disputes. *See* Section III, below. In addition, plaintiff submitted argument in opposition to the transfer and in support of his own motion for summary judgment. Dkt. No. 53. While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial of this matter, as is the case in many actions brought under 42 U.S.C. § 1983 by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez*, 899 F. Supp. at 974. Third, resources available for *pro bono* counsel are very limited, and would be better utilized during a later phase of this action. Fourth, this Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. While plaintiff argues that his medical issues will limit his ability to prosecute this action, this alone does not entitle him to appointment of counsel. Countless inmates face the same obstacles that plaintiff references and still manage to prosecute their actions effectively.[4] Finally, it is likely that this Court will appoint trial

---

[4] Moreover, despite his alleged long term medical issues, the Court notes that plaintiff has filed over forty actions, including more than thirty civil rights actions, in courts in this circuit since 1997. *See*

6

counsel at the final pretrial conference, should this case survive the filing of any dispositive motions.

The Court therefore finds that, based upon the existing record in this case, appointment of counsel is unwarranted at the present time.[5]  Plaintiff may only file another motion for appointment of counsel in the event he can demonstrate that, in light of **specific changed circumstances**, consideration of the above factors warrants the granting of such an application.

## III.  Summary Judgment

Plaintiff moved for "summary judgment" in the Western District of New York. In support of his motion, he submitted a substantial number of documents. (Dkt. Nos. 52, 53).  The motion was transferred to the Northern District of New York after Judge Larimer determined that venue was not proper in the Western District.  Defendants have responded in opposition to the motion, arguing that plaintiff moved for summary judgment before defendants had an opportunity to answer the second amended

---

U.S. Party/Case Index < http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl >.

[5] The court is aware that plaintiff's counsel in the Second Circuit wrote to Judge Larimer, requesting that he appoint counsel for plaintiff, but stating that counsel could not continue to represent plaintiff in the Western District. (Dkt. No. 53-1 at 3).  In that letter, however, counsel also stated that plaintiff had "resumed filing pleadings without the assistance of counsel following the mandate issued on appeal." *Id.*  The court also notes that, as stated above, the operative complaint in this case is not the same as was before the Second Circuit on appeal.  Thus, this court finds that appellate counsel's letter does not warrant appointment of counsel at this time.

7

complaint and before defendants were able to take plaintiff's deposition. (Dkt. No. 60). Defendants argue, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, that summary judgment is premature, and that defendants need further discovery before being able to properly defend the motion. (Dkt. No. 60-1 at pp. 6-11).

Summary judgment may be granted when the moving party carries its burden of showing the absence of a genuine issue of material fact. FED. R. CIV. P. 56; *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) (citations omitted). The burden is on the moving party to establish the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Rule 56(f) of the Federal Rules of Civil Procedure, as interpreted by the courts, provides "that when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion." *Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386 (2d Cir.2001) (citations omitted).

The Mandatory Pretrial Scheduling Order in this case was issued on February 18, 2010. Dkt. No. 74. As part of his motion for appointment of counsel, plaintiff appears to allege that defendants have failed to comply with mandatory disclosure and/or to

8

fully respond to plaintiff's interrogatories and other discovery requests.[6] Dkt. No. 80 at 1-3 and 6-12. Thus, plaintiff also appears to believe that discovery is still ongoing, and that he needs further discovery from defendants. On April 16, 2010, defendants filed a status report regarding mandatory disclosures, noting that they sent plaintiff 978 pages of his medical records. Dkt. No. 79. On June 3, 2010, this court granted defendants an extension of time for discovery and motions. Dkt. No. 82.

On July 8, 2010, plaintiff filed a letter, stating that he has now been deposed by defendants and has no objection to the extension granted by the court; but he wants the court to consider his summary judgment motion.[7] Dkt. No. 87. A review of plaintiff's motion for summary judgment shows that he cites the elements of medical care and due process claims, but never specifically states how the defendants' conduct met these standards. He states that the defendants have violated "the law"[8] without substantiating these allegations. Plaintiff does not specify the issues upon which he is requesting

---

[6] Although it was stricken from the record, the court notes that on March 11, 2010, plaintiff filed a "notice" that he sent additional discovery demands to defendants. (Dkt. No. 76, stricken as not necessary).

[7] Part of plaintiff's motion is moot. In his motion, plaintiff opposed defendants' motion to transfer. By transferring the action to the Northern District of New York, Judge Larimer essentially denied that part of plaintiff's motion for "summary judgment."

[8] At one point, plaintiff states that the defendants have violated 28 C.F.R. § 541.22. (Dkt. No. 53 at p.9). Plaintiff has cited federal regulations governing administrative detention for federal inmates. Plaintiff is suing New York State defendants to which the Code of Federal Regulations does not apply.

9

summary judgment, nor does he specify which defendants are responsible for the various alleged violations. Plaintiff makes some conclusory statements about defendants' conduct in general, and has attached a myriad of documents allegedly in support of the motion. He has attached various medical records to his motion, without indicating how these records show that any of the defendants were deliberately indifferent to plaintiff's serious medical needs. Plaintiff's papers do not eliminate issues of fact in this case. Discovery is not yet closed, plaintiff has now been deposed, and has been provided additional documents since he filed his summary judgment motion. Accordingly, this court will recommend denying plaintiff's motion without prejudice to refiling after the close of discovery.

## IV.   Discovery Issues

As stated above, plaintiff seems to be complaining that defendants have not provided him appropriate responses to his requests for discovery. Without the benefit of a response from the defendants, the Court is not able to adequately address the alleged discovery disputes. Therefore, the Clerk of the Court is directed to file a copy of plaintiff's motion for appointment of counsel (Dkt. No. 80) as a motion to compel discovery and direct defendants to respond to the newly docketed motion in accordance with the Local Rules of Practice of this District.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for appointment of counsel (Dkt. No. 80) is **DENIED** without prejudice to renew at some future time upon a showing of specific changed circumstances; and it is further

**ORDERED** that the Clerk shall file a **copy** of plaintiff's motion for appointment of counsel (Dkt. No. 80) as a motion to compel discovery and direct defendants to respond to the newly docketed motion to compel by **Monday, July 26, 2010**, and it is further

**ORDERED**, that discovery deadline is extended until **Friday, August 9, 2010** for the purpose of resolving this outstanding discovery issue. Upon receipt of defendants' response, the Clerk shall forward this file to the Court for further review; and it is

**RECOMMENDED**, that plaintiff's motions for summary judgment (Dkt. Nos. 52, 53) be **DENIED WITHOUT PREJUDICE**, and it is

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such

objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 15, 2010

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge